**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** SUFFOLK
-------------------------------------------------------------------x
Kiara Calvacca, Individually and as Admin

                        Plaintiff/Petitioner,

    - against -                                Index No. 603106/2021
KIDS II INC.,

                        Defendant/Respondent.
-------------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING

**You have received this Notice because:**

- The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts e-filing system, and

- You are a Defendant/Respondent (a party) in this case.
(CPLR § 2111, Uniform Rule § 202.5-bb)

**If you are represented by an attorney**: give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

**If you are not represented by an attorney**: you are not required to e-file. You may serve and file documents in paper form and you must be served with documents in paper form. However, as a party without an attorney, you may participate in e-filing.

**Benefits of E-Filing**
You can:

- serve and file your documents electronically

- view your case file on-line

- limit your number of trips to the courthouse

- pay any court fees on-line.

There are no additional fees to e-file, view, or print your case records.

To sign up for e-filing or for more information about how e-filing works, you may:

- visit: www.nycourts.gov/efile-unrepresented or

- go to the Help Center or Clerk's Office at the court where the case was filed. To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site https://iapps.courts.state.ny.us/nyscef/HomePage; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)] (9

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 02-23-2021

| MORDECAI T. SCHWARTZ | ( )90 Broad Street, Ste 403 |
| --- | --- |
| Name | Address |
| SCHWARTZ GOLDSTONE CAMPISI & KATES   LLP | New York, NY 10004 |
| Firm Name | |
| | (212) 962-2800 |
| | Phone |
| | mschwartz@sgcfirm.com |
| | E-Mail |

To:   DEFENDANT

11/20/17

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X
KIARA CALVACCA, Individually and as Administratrix of
the Estate of PHILIP ERIC MATZEN, JR., Deceased,

                                      Plaintiff,

        -against-

KIDS II INC.,

                                    Defendant.
-------------------------------------------------------------------X

Index No.: 603106/2021
Date Purchased: 02-23-2021
**SUMMONS**

Plaintiff designates Suffolk
County as the place of trial.

The basis of venue is:
Plaintiff's residence

Plaintiff resides at:
136 N Penataquit Ave
Bay Shore, NY 11706

County of Suffolk

**To the above named Defendant(s):**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:     New York, New York
               February 11, 2021

                                                        _____
                                                         MORDECAI T. SCHWARTZ
                                                         SCHWARTZ GOLDSTONE CAMPISI & KATES, LLP
                                                         Attorneys for Plaintiff(s)
                                                         KIARA CALVACCA Individually and as an
                                                         Administratrix of the Estate of PHILIP ERIC
                                                         MATZEN, JR., Deceased
                                                         90 Broad Street, Suite 403
                                                         New York, New York 10004
                                                         212-962-2800

TO:    KIDS II INC.
        3333 Piedmont Rd, Suite 1800
        Atlanta, GA 30305

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
----------------------------------------------------------------X
KIARA CALVACCA, Individually and as an Administratrix
of the Estate of PHILIP ERIC MATZEN, JR., Deceased,

                              Plaintiff,

               -against-

KIDS II INC.,

                              Defendant.
----------------------------------------------------------------X

Index No.: 603106/2021
Date Purchased: 02-23-2021

**VERIFIED COMPLAINT**

Plaintiff **KIARA CALVACCA**, by her attorneys, **SCHWARTZ GOLDSTONE CAMPISI & KATES, LLP**, complaining of the Defendants, respectfully alleges, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR CONSCIOUS PAIN AND SUFFERING

1. At all times herein mentioned, Plaintiff **KIARA CALVACCA**, was, and still is, a resident of the County of Suffolk, State of New York.

2. That on September 30, 2020, Letters of Administration were issued to **KIARA CALVACCA** by Surrogate's Court of Suffolk County, authorizing **KIARA CALVACCA** to administer the estate of PHILIP ERIC MATZEN, JR., Deceased, and that said Letters have not been revoked to date.

3. That said Letters of Administration authorized and empowered plaintiff **KIARA CALVACCA S** to institute a within action.

4. That said Letters of Administration continue in full force and effect and have not been revoked.

5. That this action falls within one or more exception set forth in §1602 of the CPLR.

6. At all times herein mentioned, Defendant **KIDS II INC.**, had its principal place of business in the State of Georgia.

7. That at all times herein mentioned, Defendant **KIDS II INC.**, was and still is, a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

8. That at all times herein mentioned, Defendant **KIDS II INC.**, was and still is a foreign corporation, duly authorized to do business in the State of New York.

9. That at all times herein mentioned, Defendant **KIDS II INC.**, was and still is a foreign corporation, duly licensed to do business in the State of New York.

10. That Defendant, **KIDS II INC.**, committed a tortious act within the State of New York.

11. That Defendant, **KIDS II INC.**, regularly does, or solicits, business in the State of New York.

12. That Defendant **KIDS II INC.**, received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

13. That at all times herein mentioned the Defendant **KIDS II INC.**, was in the business of manufacturing, selling and distributing children's furniture and baby sleepers for the purpose of use by the general public.

14. That at all times herein mentioned the Defendant **KIDS II INC.**, was in the business of designing, manufacturing, marketing, selling and/or distributing children's furniture and baby sleepers for the purpose of sale and use to businesses.

15. That, at all times herein mentioned and prior to October 11, 2019, it was the duty of Defendant **KIDS II INC.**, its servants, agents and/or employees, to exercise due care under the circumstances and to ensure that said rocking sleeper and/or product designated "Ingenuity Rock N' Soothe Sleeper Dayton", was properly and adequately designed, manufactured, constructed, assembled, produced, tested, inspected, marketed, distributed, free of any defects, and safe for the purpose intended.

16. That at all times herein mentioned, and prior to October 11, 2019, the Defendant, **KIDS II INC.**, its servants, agents and/or employees, placed a certain rocking sleeper and/or product designated "Ingenuity Rock N' Soothe Sleeper Dayton" Rocking Sleeper into the chain of commerce.

17. That the Defendant, **KIDS II INC.**, sold a certain product called "Ingenuity Rock N' Soothe Sleeper Dayton" Rocking Sleeper, directly or through a representative or agent, to distributers.

18. That at all times herein mentioned, and prior to October 11, 2019, the Defendant **KIDS II INC.**, manufactured, sold, distributed and delivered to various retailers the above mentioned product.

19. That, at all times herein mentioned and prior to October 11, 2019, Defendant **KIDS II INC.**, its servants, agents and/or employees, sold, supplied, distributed and/or delivered said rocking sleeper and/or product designated "Ingenuity Rock N' Soothe Sleeper Dayton", directly or through a distributor, representative or agent, to retail customers the above-mentioned product.

20. That the Defendant **KIDS II INC.**, warranted said product was fit for the purpose for which it was intended.

21. That the Defendant **KIDS II INC.,** warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

22. That the Defendant, **KIDS II INC.,** impliedly warranted that the said product was of merchantable quality and was safe for use.

23. That relying upon said warranties, Plaintiff and Plaintiff's decedent proceeded to use the said product in accordance with its intended use.

24. That, at all times herein mentioned and prior to October 11, 2019, the Defendant **KIDS II INC.,** its servants, agents and/or employees, sold, supplied, distributed and/or delivered said rocking sleeper and/or product designated "Ingenuity Rock N' Soothe Sleeper Dayton", directly or through a distributor, representative or agent, to Plaintiff **KIARA CALVACCA** for its intended use, including its use by Plaintiff's decedent **PHILIP ERIC MATZEN, JR.**

25. That on October 11, 2019, Plaintiff's decedent **PHILIP ERIC MATZEN, JR.** used said product of Defendant, **KIDS II INC.**

26. That on October 11, 2019 the Plaintiff's decedent **PHILIP ERIC MATZEN, JR.** while using the product in accordance with its intended use and pursuant to the written instructions set forth on the aforesaid label, was caused to suffer and sustain severe bodily injuries, leading to his death.

27. That the aforementioned rocking sleeper and/or product designated "Ingenuity Rock N' Soothe Sleeper Dayton" was inherently dangerous, defective, unsafe, and unfit for its intended use.

28. That the aforementioned rocking sleeper and/or product designated "Ingenuity Rock N' Soothe Sleeper Dayton" was carelessly, negligently, and defectively designed, manufactured,

produced, constructed, assembled, tested, inspected, marketed, distributed, safeguarded and/or installed by the Defendants.

29.     That the aforesaid accident was caused solely and wholly by reason that Defendant **KIDS II INC.**, breached its warranties of merchantability and fitness for intended use of the said product which warranties were both express and implied.

30.     That by reason of the foregoing, Plaintiff's decedent **PHILIP ERIC MATZEN, JR.** was caused to sustain fatal injuries and to have suffered pain, shock and mental anguish, suffocation and asphyxiation prior to his death.

31.     That as a result of the foregoing, Plaintiff's decedent sustained conscious pain and suffering prior to his death, and sustained damage in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked and designated "1" through "31" with the same force and effect as though fully set forth at length herein.

33.     That the said product was defective and that said defect was a substantial factor in causing the fatal injury to the Plaintiff' decedent.

34.     That on October 11, 2019, Plaintiff's decedent **PHILIP ERIC MATZEN, JR**, used the product for the purpose and use normally intended.

35.     That on October 11, 2019, Plaintiff and Plaintiff's decedent were using the said product, causing Plaintiff's decedent **PHILIP ERIC MATZEN, JR,** to sustain fatal injuries and to have suffered pain, shock and mental anguish, suffocation and asphyxiation prior to his death.

36. That by reason of the foregoing, the Defendant **KIDS II INC.**, its agents, servants, employees and/or licensees are liable to Plaintiff and decedent's Estate in strict liability and tort, and/or strict product liability.

37. That by reason of the foregoing, Plaintiff and decedent's Estate have been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked and designated "1" through "37" with the same force and effect as though fully set forth at length herein.

39. That at all times herein mentioned, the Defendants, their servants, agents and/or employees, impliedly warranted and/or represented to all parties whom they could reasonably foresee to use, consume and/or be affected by a breach of said warranties and/or representations that the aforementioned rocking sleeper and/or product designated "Ingenuity Rock N' Soothe Sleeper Dayton" was properly and adequately designed, manufactured, produced, constructed, assembled, tested, inspected, marketed, displayed, distributed, supplied, delivered, sold and installed; and that the aforementioned rocking sleeper and/or product designated "Ingenuity Rock N' Soothe Sleeper Dayton" was safe, free of defects, not inherently dangerous, of merchantable quality and fit and safe for use as intended and would not, if so used, result in personal injuries.

40. That, at all times herein mentioned, the Defendants, their servants, agents and/or employees, adopted the aforesaid warranties and/or representations.

41. That, at all times herein mentioned, Plaintiff's decedent **PHILIP ERIC MATZEN, JR.**, was covered by and included in the aforesaid warranties/or and representations, and relied upon

same in using, as intended, the aforementioned rocking sleeper and/or product designated "Ingenuity Rock N' Soothe Sleeper Dayton".

42. That, at all times herein mentioned, Defendants, their agents, servants and/or employees breached the aforesaid warranties and/or representations in causing allowing and permitting the aforementioned rocking sleeper and/or product designated "Ingenuity Rock N' Soothe Sleeper Dayton", which was not as warranted and/or represented, to be distributed, supplied, sold, and placed into the chains of commerce and used, consumed and affected by Plaintiff's decedent **PHILIP ERIC MATZEN, JR.**

43. That, as a result of the breach by Defendants, their agents, servants and/or employees of the aforesaid warranties and/or representations, Plaintiff's decedent **PHILIP ERIC MATZEN, JR.,** was caused to sustain fatal injuries and to have suffered pain, shock and mental anguish, suffocation and asphyxiation prior to his death.

44. That by reason of the foregoing, Plaintiff and decedent's Estate have been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF KIARA CALVACCA, INDIVIDUALLY

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked and designated "1" through "44" with the same force and effect as though fully set forth at length herein.

46. That at all times hereinafter mentioned, plaintiff **KIARA CALVACCA** was the mother and natural guardian of the deceased infant **PHILIP ERIC MATZEN, JR** and was entitled to his services, companionship, love and affection.

47. That as a result of the aforesaid occurrence, Plaintiff **KIARA CALVACCA** has been and will be deprived of the services, society, love and affection of her infant son and has been otherwise damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demand judgment against the Defendants on the First, Second, Third and Fourth Causes of Action in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action.

Dated: New York, New York
February 11, 2021

Yours, etc.

MORDECAI T. SCHWARTZ
SCHWARTZ GOLDSTONE CAMPISI & KATES, LLP
Attorneys for Plaintiff(s)
KIARA CALVACCA, Individually and as an Administratrix of the Estate of PHILIP ERIC MATZEN, JR.
90 Broad Street, Suite 403
New York, New York 10004
212-962-2800

## ATTORNEY'S VERIFICATION

MORDECAI T. SCHWARTZ, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:  I am an attorney at SCHWARTZ GOLDSTONE CAMPISI & KATES, LLP, attorneys of record for Plaintiff, KIARA CALVACCA, Individually and as Administratrix of the Estate of Philip Eric Matzen, Jr.  I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff does not reside in the county wherein I maintain my offices.

DATED:   New York, New York
         February 11, 2021

_____
MORDECAI T. SCHWARTZ